# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GINA L. BRITTON, a single woman, and on behalf of others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICELINK FIELD SERVICES, LLC, formerly known as LPS FIELD SERVICES, INC.,<br><br>Defendant. | NO: 2:18-CV-0041-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION |

BEFORE THE COURT is the Defendant ServiceLink Field Services, LLC's Motion to Deny Class Certification (ECF No. 19). The matter was submitted for consideration with oral argument. A hearing was held on September 5, 2018 in Spokane, Washington. The Court has reviewed the file and the records therein, and is fully informed. For the reasons discussed below, Defendant's Motion (ECF No. 19) is **denied**.

ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION ~ 1

# BACKGROUND[1]

The instant suit involves a claim by Plaintiffs Gina L. Britton and Tami J. Frase-Phillips, personally and on behalf of others similarly situated, against Defendant ServiceLink Field Services, LLC, for services performed by ServiceLink's predecessor in interest, LPS Field Services, Inc., related to securing properties subject to foreclosure.[2]  ECF No. 8 at ¶ 1.1.

Defendant contracts with mortgage lending and servicing institutions to, *inter alia*, secure and preserve properties throughout Washington State after a buyer defaults on the underlying loan.  ECF No. 8 at ¶ 1.1.  This requires Defendant to, among other things, "determine the occupancy status of properties, secure properties deemed vacant or abandoned [], remove personal property from within the property, and provide miscellaneous other so-called 'property preservation services.'"  ECF No. 8 at ¶ 1.2.  "Such services include but are not limited to: forcibly entering the property to change locks, replace or board up doors

---

[1] The following facts are gleaned from Plaintiffs First Amended Complaint (ECF No. 8).  They are generally not in dispute and are accepted as true for purposes of this motion.

[2] Given Defendant is a successor in interest to LPS Field Services, Inc., the Court need not distinguish between ServiceLink and LPS Field Services.

ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION ~ 2

and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, remove personal property and 'debris,' install damaging stickers, and turn utilities on and off." ECF No. 8 at ¶ 1.4.

According to Plaintiffs, Defendant performed some of the above-identified services after Plaintiffs defaulted on their loans, specifically alleging Defendant changed the locks, removed existing locks, and damaged personal property, and that Plaintiff Britton was missing a substantial amount of property. ECF No. 8 at ¶¶ 5.8-5.9, 5.16, 5.40. Plaintiffs assert Defendant performed the services pursuant to a provision in the underlying deed of trusts which purportedly gave the lender (and its agents) the right to enter and secure the property upon default. ECF No. 8 at ¶ 1.5. Plaintiffs argue that, as the Washington Supreme Court found in the case of *Jordan v. Nationstar*,[3] these provisions in the deed of trusts are not enforceable, so the entry and services performed were not authorized. ECF No. 8 at ¶ 1.6. As a result, Plaintiffs argue, Defendant – although directed by the mortgage lending and

---

[3] The Washington Supreme Court certified the following question: "Under Washington's lien theory of mortgages and RCW 7.28.230(1), can a borrower and lender enter into a contractual agreement prior to default that allows the lender to enter, maintain, and secure the encumbered property prior to foreclosure?" *Jordan v. Nationstar Mortg., LLC*, 185 Wash. 2d 876, 882 (2016).

ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION ~ 3

servicing companies – is liable for common law trespass, intentional trespass, negligent trespass, negligent supervision, and violation of the Washington Consumer Protection Act. ECF No. 8 at ¶¶ 7.1-11.11.

Defendant now moves the Court to deny class certification before Plaintiffs have had the benefit of discovery. ECF No. 19. Plaintiffs oppose the Motion. This Motion is now before the Court.

## DISCUSSION

Defendant preemptively request the Court deny class certification. ECF No. 19. Defendant argues that there are individualized issues that predominate over the common issues, precluding Plaintiffs' reliance on Rule 23(b)(3) for its expected class certification. ECF No. 19 at 10, 12. Specifically, Defendant argues (1) the causes of action fail if the borrower abandoned the property, gave express post-default consent, or where the deed of trust included an assignment of rents provision, and (2) as a result, the Court should not certify the class because these defenses raise individualized factual issues that will predominate over the common questions of law and fact—thus taking aim at Plaintiffs' reliance on Rule 23(b)(3). ECF No. 19 at 11-12. Plaintiffs argue the Motion (ECF No. 19) is premature because there has been no discovery. ECF No. 28. The Court agrees with Plaintiffs.

Federal Rule of Civil Procedure 23 governs class actions. Rule 23(a) lists the following four "prerequisites" for a class action:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(3) provides that, if the four prerequisites under 23(a) are present, a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Id.* (quoting *Califano*, 442 U.S. at 701). "For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue

potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *Id.* (quoting *Califano*, 442 U.S. at 701).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (citation omitted). As such, in the class action setting, courts do not have "any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Id.* at 177. The Supreme Court in *Elsen* explained the basis for the rule:

> [S]uch a procedure contravenes [Rule 23] by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained. This procedure is directly contrary to the command of subdivision (c)(1) that the court determine whether a suit denominated a class action may be maintained as such "(a)s soon as practicable after the commencement of (the) action . . . ."

*Id.* at 177-78. However, "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action[,]" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal quotation marks and citations omitted), so there are certain circumstances where a legal determination involving the cause of action may be necessary in ascertaining whether the requirements of Rule 23 are met.

Under Rule 23, the defendant to a class action may bring a "preemptive" motion to deny certification before the Plaintiff moves for class certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). However, "if the defendant makes an anticertification motion *prior to the conclusion of discovery*, it generally faces a more difficult and nuanced burden of proof than if it makes the motion after the close of the discovery." William B. Rubenstein, 3 Newberg on Class Actions § 7:22 (5th ed. June 2018) (emphasis added). This is because "Rule 12-like procedures—accepting the pleaded facts as true and asking whether certification is plausible—apply before the end of discovery, but following discovery, a defendant's motion to defeat certification will generally be adjudicated on the Rule 23 requirements." *Id.* (footnote omitted).

District courts have broad discretion to control the class certification process, including whether or not to permit discovery before ruling on a motion to deny class certification. *Vinole*, 571 F.3d 935, 942 (9th Cir. 2009); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 209 (9th Cir. 1975). However, the Ninth Circuit has held that, "[a]lthough a party seeking class certification is not always entitled to discovery on the class certification issue . . . '[t]he propriety of a class action cannot be determined in some cases without discovery,' [] and that 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.'"

*Id.* (quoting *Kamm,* 509 F.2d at 210, and *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977)). Indeed, "discovery may be required in either or both of two circumstances: when the facts relevant to any of the certification requirements are disputed or *when the opposing party contends that proof of the claims or defenses unavoidably raises individual issues*." 3 Newberg § 7:15 (citation omitted; internal quotation marks omitted; emphasis added).

Defendant argues the Court should enter an order denying class certification because the claims would require fact-intensive, individual adjudications as to whether Defendant entered the property lawfully, alleging the lender has a right to enter the property (1) pursuant to an assignment of lease clause, (2) if the buyer abandons the property, or (3) the buyer gives post-default consent. ECF No. 19 at 23. Defendant concludes that whether the deed of trust had an assignment of lease provision, whether the buyer abandoned the property, and whether the buyer gave post-default consent are "individual liability issues that necessarily predominate over any common issues and prevent Plaintiffs from proving their claims with common, class wide evidence." ECF No. 19 at 12.

As an initial matter, the Court is expressly declining to reach the legal issues raised by Defendant—*i.e.*, whether assignment of rents clauses, abandonment, or post-default consent are viable defenses to the claims presented by Plaintiffs. While Defendant couches these legal issues in terms of determining whether Rule

23(b)(3) is met, making an initial determination regarding these issues is not necessary for the purposes of this Order. This is because, even if the Court adopts Defendant's position, it is still not "practicable" for the Court to determine whether the common questions of fact and law predominate over the individualized questions without further discovery. *See* Rule 23(c) (certification order must be issued "[a]t an early practicable time"). This is because, without discovery, there is no way of knowing whether the individualized issues "are more prevalent or important" than the common issues because the Court can only speculate as to how many members the issue could affect. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). As such, making the legal determination would have no bearing on this Order.

For the same reason, the Court finds that Defendant's Motion (ECF No. 19) requesting the Court deny class certification is premature. The pleadings demonstrate Plaintiff has presented a prima facie showing of the Rule 23(a) prerequisites, as Plaintiff alleges there are thousands of potential members, there are common questions of law and fact, the claims of the representative parties are typical of the claims of the class, and the representative parties will fairly and adequately protect the interests of the class. ECF No. 8 at ¶¶ 6.1-6.16. *See Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985) ("Although in some cases a district court should allow discovery to aid the

determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations."). Only discovery will uncover whether the individualized issues regarding Defendant's posed defenses will predominate over the common questions of fact or law. *See* 3 Newberg § 7:15 ("discovery may be required . . . when the opposing party contends that proof of the claims or defenses unavoidably raises individual issues"). Further, Plaintiffs explains that, "[d]epending on what they learn through discovery, Plaintiffs may choose not to pursue some of the claims they assert, may adjust their proposed class definition, or may seek certification of subclasses." ECF No. 29 at 11. As such, some of the legal issues raised by Defendant may become moot and discovery will flush this out.[4]

//

//

---

[4] Defendant argues this would create an improper fail-safe class. Although not necessary to the decision, the Court disagrees, as the limitation posed would not define the class "in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010).

ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Deny Class Certification (ECF No. 19) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 6, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION ~ 11