UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GINA L. BRITTON, a single woman, TAMI J. FRASE-PHILLIPS, a married woman in her individual capacity, and on behalf of others similarly situated, | NO. 2:18-CV-0041-TOR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| SERVICELINK FIELD SERVICES, LLC, formerly known as LPS FIELD SERVICES, INC., | |
| Defendants. | |

Before the Court is the parties' Stipulated Protective Order which was heard without oral argument. Based on the parties' stipulation, the following Stipulated Protective Order is HEREBY ENTERED:

//

//

//

//

//

STIPULATED PROTECTIVE ORDER - 1

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Stipulated Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential. This Stipulated Protective Order creates no entitlement to file confidential information under seal; the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal will be governed by applicable law.

**2. DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that

1    are produced or generated in disclosures or responses to discovery in this

2    matter.

3        2.3.   "Confidential" Information or Items: information (regardless of

4    how generated, stored or maintained) or tangible things that qualify for

5    protection under standards developed under Fed. R. Civ. P. 26(c).

6        2.4.   Receiving Party: a Party that receives Disclosure or Discovery

7    Material from a Producing Party.

8        2.5.   Producing Party: a Party or non-party that produces Disclosure or

9    Discovery Material in this action.

10       2.6.   Designating Party: a Party or non-party that designates information

11   or items that it produces in disclosures or in responses to discovery as

12   "Confidential."

13       2.7.   Protected Material: any Disclosure or Discovery Material that is

14   designated as "Confidential."

15       2.8.   Outside Counsel: attorneys who are not employees of a Party but

16   who are retained to represent or advise a Party in this action.

17       2.9.   House Counsel: attorneys who are employees of a Party.

18       2.10.  Counsel (without qualifier): Outside Counsel and House Counsel

19   (as well as their support staffs).

20

21

1          2.11.  <u>Expert:</u> a person with specialized knowledge or experience in a

2    matter pertinent to the litigation who has been retained by a Party or its/her/his

3    counsel to serve as an expert witness or as a consultant in this action and who is

4    not a past or a current employee of a Party and who, at the time of retention, is

5    not anticipated to become an employee of a Party. This definition includes a

6    professional jury or trial consultant retained in connection with this litigation.

7          2.12.  <u>Professional Vendors:</u> persons or entities that provide litigation

8    support services (*e.g.*, photocopying; videotaping; translating; preparing

9    exhibits or demonstrations; organizing, storing, retrieving data in any form or

10   medium; etc.) and their employees and subcontractors.

11   **3.      SCOPE**

12          The protections conferred by this Stipulation and Order cover not only

13   Protected Material (as defined above), but also (1) any information copied or

14   extracted from Protected Material; (2) all copies, excerpts, summaries, or

15   compilations of Protected Material; and (3) any testimony, conversations, or

16   presentations by Parties or their Counsel that might reveal Protected Material.

17   However, the protections conferred by this Stipulated Protective Order do not

18   cover information that is in the public domain or becomes part of the public

19   domain through trial or otherwise.

20

21

**4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION; TERMINATION AND RETURN OF DOCUMENTS).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

1     (b)     the named parties to this litigation and the officers, directors,

2     and employees (including House Counsel) of the Receiving Party to whom

3     disclosure is reasonably necessary for this litigation;

4     (c)     experts (as defined in this Stipulated Protective Order) of the

5     Receiving Party to whom disclosure is reasonably necessary for this litigation

6     and who have signed the "Agreement to Be Bound by Protective Order"

7     (Exhibit A);

8     (d)     the Court and its personnel;

9     (e)     court reporters and videographers, and their staffs, present at

10    any hearing, deposition, or trial who have signed the "Agreement to Be Bound

11    by Protective Order" (Exhibit A);

12    (f)     Professional Vendors to whom disclosure is reasonably

13    necessary for this litigation and who have signed the "Agreement to Be Bound

14    by Protective Order" (Exhibit A);

15    (g)     during their depositions, witnesses in the action to whom

16    disclosure is reasonably necessary and who have signed the "Agreement to Be

17    Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition

18    testimony or exhibits to depositions that reveal Protected Material must be

19    separately bound by the court reporter and may not be disclosed to anyone

20    except as permitted under this Stipulated Protective Order.

21

1    (h)    any mediator or other third party engaged by the Parties and

2    who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

3    A);

4    (j)    the author or recipient of a document containing the

5    information or a custodian or other person who otherwise possessed or knew

6    the information.

7    4.3    Filing Protected Material.

8    Before filing confidential material or discussing or referencing such

9    material in court filings, the filing party shall confer with the Designating Party

10   to determine whether the Designating Party will remove the confidential

11   designation, whether the document can be redacted, or whether a motion to seal

12   or stipulation and proposed order is warranted. Without written permission from

13   the Designating Party or a court order secured after appropriate notice to all

14   interested persons, a Party may not file in the public record in this action any

15   Protected Material. A Party that seeks to file under seal any Protected Material

16   must comply with applicable law.  If a Receiving Party's request to file

17   Protected Material under seal pursuant is denied by the court, then the

18   Receiving Party may file the information in the public record unless otherwise

19   instructed by the court.

20

21

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for</u>
<u>Protection</u>.

Each party or non-party that designates information or items for
protection under this Stipulated Protective Order must use good faith efforts to
limit any such designation to specific material that qualifies under the
appropriate standards. A Designating Party must use good faith efforts
designate for protection only those parts of materials, documents, items, or oral
or written communications that qualify – so that other portions of the material,
documents, items, or communications for which protection is not warranted are
not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.
Designations that are shown to be clearly unjustified or that have been made for
an improper purpose (e.g., to unnecessarily encumber or retard the case
development process or to impose unnecessary expenses and burdens on other
parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or
items that it designated for protection do not qualify for protection, the Party or
non-party must promptly notify all other parties that it is withdrawing the
mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Producing Parties must designate in conformity with this paragraph.

(a) For information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection

1  under this Stipulated Protective Order, then, before producing the specified

2  documents, the Producing Party must affix the legend "CONFIDENTIAL" on

3  each page that contains Protected Material. If only a portion of the material on a

4  page qualifies for protection, the Producing Party also must clearly identify the

5  protected portion(s) (e.g., by making appropriate markings in the margins).

6          (b)      Testimony given in deposition or in other pretrial

7  proceedings: the Party or non-party offering or sponsoring the testimony must

8  identify on the record, during the deposition or other proceeding, all protected

9  testimony.  When it is impractical to identify separately each portion of

10  testimony that is entitled to protection, and when it appears that substantial

11  portions of the testimony may qualify for protection, the Party or non-party that

12  sponsors, offers, or gives the testimony may invoke on the record (before the

13  deposition or proceeding is concluded) a right to have up to twenty (20) days to

14  identify the specific portions of the testimony as to which protection is sought.

15  Only those portions of the testimony that are appropriately designated for

16  protection within the twenty (20) days shall be covered by the provisions of this

17  Stipulated Protective Order.

18          Transcript pages containing Protected Material must be separately bound

19  by the court reporter, who must affix to the top of each such page the legend

20

21

"CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     Information produced in some form other than documentary, and for any other tangible items: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial

unfairness, unnecessary economic burdens, or a later significant disruption or

delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after

the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute

resolution process by providing written notice of each designation it is

challenging and describing the basis for each challenge. The parties shall

attempt to resolve each challenge in good faith and must begin the process by

conferring directly (in voice to voice dialogue; other forms of communication

are not sufficient) within 14 days of the date of service of notice. In conferring,

the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party

an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis

for the chosen designation. A challenging Party may proceed to the next stage

of the challenge process only if it has engaged in this meet and confer process

first or establishes that the Designating Party is unwilling to participate in the

meet and confer process in a timely manner. The parties must attempt to resolve

any dispute regarding confidential designations without court involvement. Any

motion regarding confidential designations or for a protective order must

include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Challenging Party may issue a written notice to the Designating Party providing with specificity those materials as to which it still challenges the confidential designation.  With 21 days of such notice, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has

complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation either in writing or by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation or proceedings that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must:

(a)     promptly, and in no event more than three (3) court days after receiving the subpoena or order, notify the designating party in writing (e.g. via email, facsimile, or hand delivery).  Such notification must include a copy of the subpoena or order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose confidential material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not

authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order or agreement that provides for production without prior privilege review.

**10.     FINAL DISPOSITION; RETURN OF DOCUMENTS**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth herein.

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**11.  MISCELLANEOUS**

11.1.  <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 6th day of September, 2018.

TERRELL MARSHALL LAW                    FREY BUCK, P.S.
   GROUP PLLC


By:  /s/ Beth E. Terrell, WSBA #26759      By: /s/ Ted Buck, WSBA #22029
   Beth E. Terrell, WSBA #26759              Ted Buck, WSBA #22029
   Blythe H. Chandler, WSBA #43387           Attorneys for Defendants
   Brittany J. Glass, WSBA #52095            1200 Fifth Avenue, Suite 1900
   Attorneys for Plaintiff                   Seattle Washington 98101
   936 North 34th Street, Suite 300          Telephone: (206) 486-8000
   Seattle, Washington 98103-8869            Facsimile: (206) 902-9660
   Telephone: (206) 816-6603                 Email: tbuck@freybuck.com
   Facsimile: (206) 319-5450
   Email: bterrell@terrellmarshall.com
   Email: bchandler@terrellmarshall.com
   Email: bglass@terrellmarshall.com

Clay M. Gatens, WSBA #34102
Devon A. Gray, WSBA #51485
Attorneys for Plaintiff
JEFFERS, DANIELSON, SONN
  & AYLWARD, P.C.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, Washington 98807-1688
Telephone: (509) 662-3685
Facsimile: (509) 662-2452
Email: clayg@jdsalaw.com
Email: devong@jdsalaw.com

Michael D. Daudt, WSBA #25690
Attorneys for Plaintiff
DAUDT LAW PLLC
2200 Sixth Avenue, Suite 1250
Seattle, Washington 98121-1280
Telephone: (206) 445-7733
Facsimile: (206) 445-7399
Email: mike@daudtlaw.com

Steven A. Goldfarb,
*Admitted Pro Hac Vice*
Erica L. Calderas,
*Admitted Pro Hac Vice*
Attorneys for Defendants
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
Email: sagoldfarb@hahnlaw.com
Email: elcalderas@hahnlaw.com

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED.


DATED September 6, 2018.


THOMAS O. RICE
Chief United States District Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of Washington on [date] in the case of **Britton v. ServiceLink**

**Field Service, LLC (No. 2:18-cv-00041-TOR)**. I agree to comply with and to be

bound by all the terms of the Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to the Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of the

Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the terms

of the Stipulated Protective Order, even if such enforcement proceedings occur

//

//

//

after termination of the action.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____