HON. THOMAS O. RICE

Clay M. Gatens
Devon A. Gray
Jeffers, Danielson, Sonn & Aylward, P.S.
PO Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GINA L. BRITTON, a single woman, JEREMY N. LARSON, a single man, and on behalf of others similarly situated, | NO. 2-18-cv-00041-TOR |
| Plaintiffs, | SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES |
| vs. | |
| SERVICELINK FIELD SERVICES, LLC, formerly known as LPS FIELD SERVICES, INC. | |
| Defendant. | |

Plaintiffs GINA L. BRITTON, a single woman, and JEREMY N. LARSON, a single

man in his individual capacity, and on behalf of others similarly situated, through their

attorneys of record, Jeffers, Danielson, Sonn & Aylward, P.S., by Clay M. Gatens and

Devon A. Gray, Daudt Law, P.L.L.C. by Michael M. Daudt, and Terrell Marshall Law

Group, P.L.L.C. by Beth E. Terrell and Blythe H. Chandler, bring this Complaint for Class

Action and Damages against ServiceLink Field Services, LLC, formerly known as LPS

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 1

46C2482

1  Field Services, Inc., and allege as follows:

2  ## I.    NATURE OF THE CASE

3    1.1 ServiceLink Field Services, LLC, formerly known as LPS Field Services, Inc.,

4  contracts with mortgage lending and servicing institutions to conduct services on default

5  and pre-foreclosure properties located throughout Washington State that are subject to

6  loans owned, held, or serviced by lending or servicing institutions.  ServiceLink Field

7  Services, LLC, is the successor in interest to LPS Field Services, Inc., which was the entity

8  involved in the events detailed herein, for convenience and clarity this Complaint refers to

9  the Defendant as "LPS Field Services."

10    1.2 Specifically, LPS Field Services is hired by lending and servicing institutions

11  to (among other things) determine the occupancy status of properties, secure properties

12  deemed vacant or abandoned by LPS Field Services, remove personal property from within

13  the property, and provide miscellaneous other so-called "property preservation services."

14    1.3 LPS Field Services charges and receives fees for these services from its clients

15  and profits from these fees.

16    1.4 Such services include but are not limited to:  forcibly entering the property to

17  change locks, replace or board up doors and windows, drain water from pipes, eliminate

18  building or other code violations or dangerous conditions, remove personal property and

19  "debris," install damaging stickers, and turn utilities on and off.

20    1.5 Lenders and loan servicers' purported right to enter a borrower's property for

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 2

46C2482

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1  the purpose of conducting these services is allegedly derived from provisions in the form

2  contract deed of trust encumbering the borrower's property (the "Entry Provisions").  LPS

3  Field Services purportedly derives its alleged right to trespass upon and enter borrowers'

4  homes from its lender and loan servicer clients. LPS Field Services relies on the Entry

5  Provisions to enter borrowers' properties and conduct services and it is under these form

6  provisions that LPS Field Services commits the above-described "property preservation

7  services."

8       1.6    On July 7, 2016, in *Jordan v. Nationstar Mortgage, LLC*, 185 Wn.2d 876

9  (2016) (the "*Jordan* Decision"), the Washington State Supreme Court deemed such form

10  deed of trust provisions unenforceable as contrary to Washington State law, thereby

11  eroding any purported legal justification for LPS Field Services to even enter upon

12  borrowers' properties.

13       1.7    But even setting aside the unenforceability of these form Entry Provisions, the

14  form Entry Provisions as written do not permit LPS Field Services' to damage, destroy, or

15  convert borrowers' property and/or deny the full use and enjoyment of borrowers' real

16  and/or personal property prior to the completion of foreclosure.

17       1.8    However, LPS Field Services has a common course of conduct whereby it

18  wrongfully and forcibly enters borrowers' properties prior to completion of a foreclosure

19  to perform destructive and disruptive acts, including destroying the existing lock(s) on a

20  borrower's home, removing the borrower's destroyed locks from the home, rummaging

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 3
46C2482

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1  through, "trashing out" and damaging property inside the home, and removing the

2  borrower's personal property from the home and property.

3      1.9    These actions result in damage to the borrower's real and personal property,

4  conversion of the borrower's personal property, and interference with the borrower's full

5  use and enjoyment of their real and personal property.

6      1.10   LPS Field Services charges and receives fees for these services from its clients

7  and profits from these fees.

8      1.11   LPS Field Services' common course of conduct and actions are widespread

9  throughout Washington.

10     1.12   Thus, not only does LPS Field Services have no legal right to be present on

11  borrowers' properties in advance of the completion of any foreclosure proceedings, but

12  LPS Field Services regularly acts beyond the scope of the unenforceable and illegal form

13  deed of trust provisions relied upon by LPS Field Services.

14     1.13   LPS Field Services' common course of conduct and common practices violate

15  Washington law.

16                    **II.    PARTIES**

17     2.1    <u>Representative Plaintiff Gina L. Britton.</u>    GINA L. BRITTON, formerly

18  known as Gina L. Cargile ("Plaintiff Britton"), is a single woman who owned real property

19  located at 35 East Walton Ave., Spokane, Washington (the "Britton Property").

20     2.2    Ms. Britton has agreed to act as a Class Representative in this matter as

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 4
46C2482

1 | "Plaintiff Britton" or "Representative Plaintiff Britton."

2 | 2.3    Representative Plaintiff Larson.    JEREMY N. LARSON, owns and at all

3 | times material hereto owned real property located at 5501 NE 49th Street, Vancouver,

4 | Washington (the "Larson Property").

5 | 2.4    Mr. Larson has agreed to act as a Class Representative in this matter as

6 | "Plaintiff Larson" or "Representative Plaintiff Larson."

7 | 2.5    Defendant.    Defendant SERVICELINK FIELD SERVICES, LLC, formerly

8 | known as LPS FIELD SERVICES PROPERTIES, INC. ("LPS Field Services" or

9 | "Defendant") is a Delaware limited liability company, with its principal place of business

10 | at 10385 Westmoor Drive, Westminster, CO 80021.

11 | 2.6    LPS Field Services transacts business throughout the state of Washington, and

12 | contracts with and employs agents throughout Washington to provide property inspection

13 | and preservation services for homes located in Washington that are in default under the

14 | terms of their loan agreement, but which homes have not been foreclosed upon.

15 | 2.7    LPS Field Services receives payments and/or profits from the above-described

16 | business it transacts throughout the state of Washington.

17 | 2.8    LPS Field Services is a citizen of Delaware and Colorado.

18 | 2.9    LPS Field Services is one of the nation's largest privately-held mortgage field

19 | services providers.

20 | 2.10    For purposes of this Complaint, any references to LPS Field Services shall

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 5
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1    mean such acts and practices that were performed by LPS Field Services, its employees,

2    agents, representatives, vendors, subcontractors and all persons or entities directly or

3    indirectly under LPS Field Services' control.

### III.    JURISDICTION AND VENUE

5    3.1    This is an action for damages.  Jurisdiction and venue are appropriate in this

6    Court pursuant to RCW 4.12.010, RCW 4.12.020, and 28 U.S.C. § 1332.

### IV.    BACKGROUND REGARDING LPS FIELD SERVICES' COMMON POLICIES AND PRACTICES

4.1    For purposes of this Complaint, "default properties" shall refer to homes

where the borrower is in default on their mortgage, but no foreclosure has been initiated.

4.2    Properties "pre-foreclosure" shall refer to homes where a judicial or non-

judicial foreclosure has been initiated, but not completed.

4.3    "Foreclosed properties" shall refer to properties that have had a judicial or

non-judicial foreclosure completed and a foreclosure and sale at law has been completed.

### *LPS Field Services' Unfair and Deceptive Business Practices*

4.4    On its website, LPS Field Services advertises its services to potential clients

as follows:

> [LPS Field Services] is a national field service company offering
> a complete range of superior property inspection, preservation
> and asset registration services.  [LPS Field Services] helps
> servicers satisfy loan services requirements by addressing the
> ongoing service challenges they continually face.  With
> additional rules bearing down on the industry, we have the

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 6
46C2482

1
2
        skilled staff and advanced information technology to coordinate and provide field services in every state and locality where our clients service loans.

3   www.svclnk.com/default/field-services/ (last accessed December 14, 2017)

4      4.5    LPS Field Services provides to mortgage lenders and servicers property

5   inspection and preservation and maintenance services for default, pre-foreclosure, and

6   foreclosed properties.

7      4.6    All borrowers upon whose property LPS Field Services enters are subject to

8   substantively the same form deed of trust Entry Provisions that LPS Field Services relies

9   upon to: (i) enter borrowers' properties in the event of default but prior to completion of

10   foreclosure; and (ii) conduct its illegal services.

11      4.7    As will be further explained, on July 7, 2016, in *Jordan v. Nationstar*

12   *Mortgage, LLC*, the Washington State Supreme Court held such form deed of trust Entry

13   Provisions unenforceable as contrary to Washington State law, thereby eroding any

14   purported legal justification for LPS Field Services' entry onto borrowers' properties,

15   forcible entry into the borrowers' homes, removal of borrowers' locks, installation of LPS

16   Field Services' lock and lock boxes, damage to borrowers' homes, and conversion of

17   borrowers' personal property prior to the completion of foreclosure.

18               ***LPS Field Services' Retention of Vendors***

19      4.8    LPS Field Services' involvement with a residential property usually begins

20   once a homeowner becomes delinquent or defaults on his or her mortgage.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 7
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    4.9    Upon that occurrence, LPS Field Services is retained by a lending or servicing

2    institution to perform inspection and property preservation services on the home.

3    4.10    LPS Field Services performs such services through a network of vendors

4    trained and supervised by LPS Field Services via a common set of practices.

5    4.11    LPS Field Services receives fees and/or profits from performing such services

6    and training and supervising its network of vendors.

7    4.12    Upon a Washington borrower's delinquency or default, LPS Field Services

8    will instruct a Washington-based field services vendor to inspect the home to determine its

9    occupancy status.

10    4.13    On information and belief, LPS Field Services does not instruct its vendors

11    on making determinations or distinctions between "vacant" homes versus "abandoned"

12    homes.

13    4.14    On information and belief, once the home is deemed "vacant" or

14    "abandoned," LPS Field Services instructs its vendors to forcibly enter the home and other

15    buildings and perform services, such as securing buildings by boarding up the doorway or

16    windows, turning off utilities, and placing lockboxes, hasps, or padlocks on the doors to

17    the home and other buildings.

18    4.15    On information and belief, such common instructions also include that the

19    vendor should forcibly enter the home to perform destructive acts, including destroying

20    existing lock(s) on a home or building, damaging doors or windows to obtain entry, and

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 8

46C2482

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    removing personal property found in and around the home and in and around other

2    buildings.

3         4.16   These common actions result in damage to the borrower's real and personal

4    property, interference with the borrower's full use and enjoyment of their property,

5    conversion of personal property located within the home, and they exceed the scope of any

6    form deed of trust Entry Provision relied upon by LPS Field Services when instructing its

7    agents to conduct preservation services upon a borrower's home.

8         4.17   Vendors perform these services as agents of LPS Field Services and pursuant

9    to specific common orders and directives from LPS Field Services.

10         4.18   On information and belief, despite extensive use of vendors and strict control

11    over the vendors, LPS Field Services has no common practice of adequately training or

12    supervising its vendors.

13         4.19   On information and belief, LPS Field Services has no common practice of

14    screening its vendors' employees by way of reviewing qualifications or performing a

15    background check that would uncover any criminal history.

16    ***LPS Field Services' Process for Determining Occupancy Status and Securing Default and Pre-Foreclosure Homes***

17

18         4.20   On information and belief, LPS Field Services' process in inspecting and

19    securing a default or pre-foreclosure home starts when LPS Field Services orders a vendor

20    to determine the occupancy status of the home.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    4.21    On information and belief, LPS Field Services does not provide its vendors

2    with clear standards for determining the occupancy status of the home.

3    4.22    On information and belief, LPS Field Services or its vendors frequently make

4    inaccurate determinations regarding the occupancy status of a home.

5    4.23    On information and belief, if LPS Field Services or its vendor deems the home

6    vacant or abandoned, LPS Field Services automatically orders its vendor to gain access to

7    the home by forcibly entering the home through locked doors or windows.

8    4.24    On information and belief, upon entry, LPS Field Services instructs its

9    vendors to remove all personal property and belongings from the home.  The act of

10    removing personal property and belongings found in the home is commonly known as

11    "trashing out" the home.

12    4.25    On information and belief, once a borrower's home has been trashed out, LPS

13    Field Services does not require its vendors to store, preserve, or track the items that were

14    trashed out of the borrower's home, and LPS Field Services does not have any practicing

15    policy or procedure for returning "trashed out" belongings and personal property to

16    borrowers.

17    4.26    LPS Field Services instructs its vendors to place their own locks and lock

18    boxes and/or its own locks and lock boxes on the borrower's home and post a notice upon

19    the borrower's home instructing the borrower to contact LPS Field Services for access to

20    the home.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 10
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

4.27   When LPS Field Services learns that a homeowner wants access to his or her home, LPS Field Services does not immediately provide access to the homeowner.

4.28   When LPS Field Services learns that a homeowner wants access to his or her home, LPS Field Services does not immediately remove the locks that it had placed on the home.

4.29   When LPS Field Services learns that a homeowner wants access to his or her home, LPS Field Services does not restore the homeowner's locks to the home.

4.30   When LPS Field Services learns that a homeowner wants the personal property that was removed from the home returned, LPS Field Services does not return the personal property.

4.31   When LPS Field Services learns that a homeowner wants the damage to the home repaired, LPS Field Services does not repair the damage.

4.32   On information and belief, even after learning of the *Jordan v. Nationstar Mortg., LLC* decision, LPS Filed Services has not removed its locks, lockboxes, and hasps from borrowers' home prior to the conclusion of any foreclosure, and has not affirmatively reached out to any borrowers prior to the conclusion of any foreclosure to offer to restore the exclusive possession of the home to the borrower.

4.33   LPS Field Services' common pattern and practice of using vendors to forcibly enter default and pre-foreclosure homes, cause damage to the borrower's real and personal property, convert the borrower's locks and personal property and belongings located within

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

the home, interfere with the borrower's full use and enjoyment of the home, maintain its locks, lockboxes, and hasps on the borrower's home even after the *Jordan* Decision prior to completion of a foreclosure, and obtain profits as a result of these actions is inequitable and unlawful and causes injury to Washington residents.

### *LPS Field Services' Activities are Widespread*

4.34   LPS Field Services has a widespread common practice of forcible entry, resultant damage, removal of personal property from homes, and denial of the owner's full use and enjoyment of their home.

4.35   Various news reports detail specific examples of LPS Field Services' common practices.

4.36   In a 2015 article, borrowers reported returning home following LPS Field Services' forcible entry to find the house ransacked, priceless family heirlooms missing and personal possessions destroyed.   https://thinkprogress.org/why-a-bank-was-allowed-to-plunder-family-heirlooms-that-escaped-the-nazis-7c02d4e94216/.

4.37   This just a single sample of a long line of similar stories evidencing LPS Field Services' common pattern and practices.

### *The Washington Supreme Court's Decision Invalidated the Deed of Trust Provisions in Jordan v. Nationstar Mortgage, LLC, No. 92081-8*

4.38   In 2012, a lawsuit entitled *Jordan v. Nationstar Mortgage, LLC*, was filed in Washington State Superior Court in Chelan County under Cause No. 12-2-00385-2.  This

SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
Page 12

46C2482

lawsuit challenged the legality and enforceability of the form deed of trust entry provisions relied upon by mortgage lenders and servicers to enter borrowers' homes and "secure" their properties upon default, abandonment, or vacancy.

4.39   Following the grant of class certification in 2014, counsel for Nationstar removed the Complaint to the United States District Court for the Eastern District of Washington, where it was assigned to the Hon. Thomas O. Rice under Cause No. 2:14-cv-00175-TOR.

4.40   In 2015, the parties filed cross-motions for partial summary judgment, and on August 10, 2015, Judge Rice issued an Order Certifying Questions to Washington Supreme Court on the following bases:

> Put succinctly, this Court has been asked to decide whether so-called Entry Provisions within the deeds of trust of Plaintiff and other class members are enforceable under Washington law absent post-default consent of the borrower or permission from a court. Nationstar contends the Provisions—akin to a limited license or similar non-possessory interest in land—merely grant the lender the ability to enter, maintain, and secure the encumbered property and that such conduct does not constitute possession in violation of Washington's lien theory of mortgages. Ms. Jordan, on the other hand, contends the Entry Provisions unlawfully deprive a borrower of her exclusive right to possession prior to foreclosure and that the borrower cannot agree by contract to relinquish such right prior to default. Instead, Ms. Jordan asserts that the lender either must obtain post-default consent of the borrower or a court-appointed receiver pursuant to RCW chapter 7.60.
>
> Because of the complexity of the state law issues presented in the parties' cross-motions for partial summary judgment and their

SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
Page 13

46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1
2
3
4

> significant policy implications, this Court finds that the Washington Supreme Court, which has not had occasion to settle these issues, "is better qualified to answer the certified questions in the first instance." . . . Further, this Court finds the Washington Supreme Court's answers are "necessary . . . in order to dispose of [this] proceeding."

*Order Certifying Questions to Washington Supreme Court*, No. 2:14-cv-00175-TOR, at

5

pp. 3–4 (E. D. Wash., August 10, 2015) (internal citations omitted).

6

7

    4.41   Judge Rice then certified, *inter alia*, the following question of law to the

Washington Supreme Court:

8
9
10

> Under Washington's lien theory of mortgages and RCW 7.28.230(1), can a borrower and lender enter into a contractual agreement prior to default that allows the lender to enter, maintain, and secure the encumbered property prior to foreclosure?

11

*Id.* at p. 10.

12

13

    4.42   On August 18, 2015, the Washington Supreme Court sent a letter accepting

Judge Rice's Order Certifying Questions under Supreme Court No. 92081-8, and set a

14

briefing schedule for the parties.

15

16

    4.43   The parties timely submitted their briefs, and oral argument took placed

before the Washington Supreme Court on January 19, 2016.

17

18

    4.44   On July 7, 2016, the Washington Supreme Court issued its *En Banc* Opinion

in *Jordan*, answering "the first certified question in the negative." *Jordan*, 185 Wn.2d at

19

20

883.  The Court explained, "Our case law is clear that Washington law prohibits a lender

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 14
46C2482

from taking possession of property before foreclosure of the borrower's home." *Id.* at 884.

The Court concluded that the deed of trust entry provisions allow the lender to take

possession of the borrower's home in advance of the conclusion of a foreclosure of the

borrower's home:

> From any approach, we find that Nationstar's conduct
> constituted possession. . . . Nationstar's vendor's actions
> constituted possession because its actions are representative of
> control. The vendor drilled out Jordan's existing locks and
> replaced the lock with its own. . . . [A]lthough [Jordan] was able
> to obtain a key by calling, the process made Nationstar the
> "middle man." She could no longer access her home without
> going through Nationstar. . . . Nationstar effectively ousted
> Jordan by changing her locks, exercising control over the
> property. . . . Changing the locks is akin to exercising control,
> which is the key element of possession. By changing the locks,
> Nationstar took possession of the property. Since these actions
> are authorized by the entry provisions, the entry provisions allow
> the lender to take possession of the property. Because
> Washington law prohibits lenders from taking possession of the
> borrower's property before foreclosure, the provisions are in
> conflict with state law. Therefore, we must answer the first
> certified question in the negative and find that the entry
> provisions are unenforceable.

*Id.* at 888-89.

4.45   The Court concluded: "[T]he entry provisions are in direct conflict with state

law and are unenforceable." *Id.* at 894.

4.46   On November 21, 2017, Chief Judge Thomas O. Rice of the United States

District Court for the Eastern District of Washington granted in part Plaintiffs' Motion for

Partial Summary Judgment in the *Jordan v. Nationstar Mortgage, LLC* case, holding as a

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 15
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  matter of law that (1) Nationstar committed intentional trespass, and (2) Nationstar violated

2  Washington's Consumer Protection Act. The Court also held that the class is entitled to

3  damages measured by (1) the cost of restoring each class member's home to its original

4  state prior to rekeying the properties, and (2) the fair market rental value of each class

5  member's home.  *Order Granting in Part Plaintiff's Motion for Partial Summary*

6  *Judgment*, No. 2:14-cv-0175-TOR (E.D. Wash. November 21 2017).

7     4.47   Based on *Jordan*, LPS Field Services has no legal right to engage in its

8  common practice of forcible entry into pre-foreclosure homes, damage to borrowers' real

9  and personal property, conversion of borrowers' personal property and belongings located

10  within the home, and interference with borrowers' full use and enjoyment of their

11  properties prior to the completion of a foreclosure.

12     4.48   Based on *Jordan*, LPS Field Services is liable to Washington borrowers' for

13  the cost of restoring each class member's home to its original state prior to the re-keying

14  of their properties, and (2) the fair market rental value of each class member's home.

15              V.        **REPRESENTATIVE PLAINTIFFS**

16     5.1    Representative Plaintiffs Britton and Larson are just two examples of LPS

17  Field Services' common pattern and practice of unlawfully entering upon borrowers'

18  properties in advance of completed foreclosure proceedings, damaging borrowers' real

19  property, converting borrowers' personal property, generating fees and profits from

20  unlawful entries, and denying borrowers' the full use and enjoyment of their property prior

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 16
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    to completion of a foreclosure.

2    ***Representative Plaintiff Gina L. Britton***

3    5.2    Plaintiff Britton is the former owner of real property located at 35 East

4    Walton Ave., Spokane, Washington (the "Britton Property").

5    5.3    Plaintiff Britton was the owner of the Britton Property when it was entered

6    upon by LPS Field Services.

7    5.4    At the time of the entry, the loan securing the Britton Property was in default,

8    but no foreclosure proceedings had been initiated.

9    5.5    At the time of the entry, the form deed of trust provision purporting to

10   authorize LPS Field Services' presence on the Britton Property in the event of default was

11   unenforceable as contrary to Washington State law.

12   5.6    At the time of the entry, Plaintiff Britton was in frequent communication with

13   the lender for the Britton Property.

14   5.7    At the time of the entry, the Britton Property was neither vacant nor

15   abandoned.

16   5.8    To gain entry to the Britton Property, LPS Field Services damaged the Britton

17   Property, including damaging locks and doors on the Britton Property.

18   5.9    While on the Britton Property, LPS Field Services changed the locks and

19   placed a lock-box upon the Britton Property.  LPS Field Services also removed the existing

20   locks and damaged personal property on the Britton Property, including the lock that was

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 17
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   originally on the garage door.

2       5.10   Before leaving, LPS Field Services left stickers and placards inside and

3   outside of the Britton Property directing the owner to call LPS Field Services' phone

4   number for access to the Britton Property and additional information.

5       5.11   Upon returning to the Britton Property, Plaintiff Britton discovered the Britton

6   Property had been entered upon and the locks had been changed.

7       5.12   Plaintiff Britton called the numbers for the lender and LPS Field Services

8   written on the sticker.  Plaintiff Britton was told by an LPS customer service representative

9   that she would receive a prompt return phone call but she did not receive a phone call until

10  days later.

11      5.13   LPS Field Services did not remove its locks or lock box from the Britton

12  Property, despite being contacted by Plaintiff Britton.

13      5.14   LPS Field Services did not replace the original locks upon the Britton Property

14  despite being contacted by Plaintiff.

15      5.15   Plaintiff Britton was later provided a key to enter the Britton Property through

16  the garage door.

17      5.16   Upon entering the home, Plaintiff Britton discovered the home had been

18  significantly damaged from LPS Field Services' entry, and that a substantial amount of her

19  personal property was missing.

20      5.17   Plaintiff Britton reported the missing items and the damage to LPS Field

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

Services, and requested return of the missing property and reimbursement and/or repairs to the damaged property.

5.18   Specifically, Plaintiff Britton reported that many fixtures in the home were broken, including her toilet in her newly remodeled bathroom, which left a mess of human waste and debris.

5.19   Additionally, Plaintiff Britton reported that personal property missing from the home included a 1991 Jeep Cherokee, as well as kitchen tiles, mud, grout, paint and paint supplies.

5.20   LPS Field Services refused to return the missing property, to reimburse her, or to repair the damaged property.

5.21   To date, LPS Field Services has not repaired the damage it caused to the Britton Property and has not reimbursed her for the costs to repair such damage or the lost rental value during the time she was denied the full use and enjoyment of her real and personal property.

5.22   LPS Field Services has not returned or paid for the personal property it removed from the Britton Property.

5.23   The exact value of the personal property converted from the Britton Property is unknown at this time, but is believed to exceed $1,000.

5.24   The exact value of the damage to the Britton Property is unknown at this time, but multiple doors and locks suffered damage and the bathroom sustained significant

SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
Page 19
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   damage.

2       5.25   The exact value of the precluded rents arising from the denial of the full use

3   and enjoyment of the real and/or personal property is unknown at this time.

4       5.26   On information and belief, LPS Field Services charged its client and received

5   fees and/or profited from the pre-foreclosure actions it took upon the Britton Property. LPS

6   Field Services is liable in restitution for the ill-gotten profits received as a result of its

7   unlawful actions. The exact value of this profit is unknown at this time, but is believed to

8   exceed $100.

9       5.27   On information and belief, the actions and inactions alleged above are part of

10  LPS Field Services' common business acts and practices.

11                          ***Representative Plaintiff Larson***

12      5.28   Plaintiff Larson is yet another example of LPS Field Services' common

13  pattern and practice of unlawfully entering upon Washington borrowers' properties in

14  advance of completing a lawful foreclosure, damaging borrowers' real property, , and

15  denying borrowers their exclusive right to the full use and enjoyment of their property

16  prior to the completion of a foreclosure. Moreover, Plaintiff Larson is an example of LPS

17  Field Service's unlawful conduct even after *Jordan*.

18      5.29   Plaintiff Larson is the owner of real property located at 5501 NE 49th Street,

19  Vancouver, Washington (the "Larson Property").

20      5.30   Within the applicable statutes of limitation LPS Field Services or its agents

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

forcibly entered the Larson Property without Mr. Larson's consent or the permission of a court of competent jurisdiction.

5.31   Plaintiff Larson was the owner of the Larson Property when it was entered upon by LPS Field Services.

5.32   At the time of the entry, the loan securing the Larson Property was in default, but no foreclosure proceedings had been initiated.

5.33   At the time of the entry, the form deed of trust provision purporting to authorize LPS Field Services' presence on the Larson Property in the event of default was unenforceable as contrary to Washington State Law and had been declared unenforceable as contrary to Washington State Law by the Washington State Supreme Court.

5.34   At or around the time of the entry, Plaintiff Larson was in frequent communication with the lender and/or loan servicer for the Larson Property.

5.35   At the time of the entry, the Larson Property was neither vacant nor abandoned nor left unsecure. The property was Plaintiff Larson's place of residence.

5.36   While on the property, LPS Field Services or its agents removed, destroyed, and replaced Plaintiff Larson's locks and conducted interior inspections and property preservation measures in the home and other buildings. LPS and/or its agents damaged the door and lock on the Larson Property in order to gain entry.

5.37   While on the property, LPS Field Services changed the locks on the back door and placed a lock-box upon the Larson Property. LPS Field Services also left behind a flyer

SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
Page 21

46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   stating that it had changed the locks.

2       5.38    Upon returning to the Larson Property, Plaintiff Larson discovered that the

3   Larson Property had been entered upon and the lock on the back door had been destroyed

4   and changed and a lock box had been placed on the property.

5       5.39    LPS Field Services received revenue and profit as a result of its forcible

6   entries, interior inspections, and property preservation measures on the Larson Property.

7   On information and belief, those revenues and profits were charged to and paid by Jeremy

8   Larson in connection with his residential mortgage.

9       5.40    On information and belief, LPS relied on the Entry Provisions to conduct its

10  forcible entries, interior inspections, and property preservation measures on the Larson

11  Property.

12      5.41    At no time did LPS Field Services or its agent remove its lock(s), lock box(es),

13  padlock(s), or hasps from the Larson Property, return or replace the original locks upon the

14  Larson Property, or reach out to Plaintiff Larson and offer to restore exclusive possession

15  of the property. Nor did LPS Field Services or its agent disgorge (or offer to disgorge) the

16  revenue received as a result of its entry, inspection, and property preservation activities on

17  the Larson Property. The lock and lock box remain on the Larson Property today.

18      5.42    The value of the damage to the Larson Property is unknown at this time, but

19  the existing door locks that were destroyed and converted have a replacement value that is

20  estimated to exceed $100.00.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    5.43    The reasonable rental value damage arising from the denial of the full use and

2 enjoyment of the Larson Property is unknown at this time.

3    5.44    The exact value of the wrongful revenue generated by the unlawful entry and

4 property preservation activities is unknown at this time.

5    5.45    On information and belief, the actions and inactions alleged above are part of

6 LPS Field Services' common business acts and practices.

7                **VI.    PROPRIETY OF CLASS ACTION PROSECUTION**

8                          ***Proposed Class Definition***

9    6.1    The members of the proposed Class include all individuals:

10    (a) who own or owned real residential property in Washington State subject

11         to a loan that was in default;

12    (b) which property, within the applicable statute of limitations, was entered

13         upon by LPS Field Services and/or its agents prior to the completion of

14         any judicial or non-judicial foreclosure; and

15    (c) which entry upon the property by LPS Field Services was the proximate

16         cause of damage to the homeowner by:

17         (i)    damaging the homeowner's real or personal property; and/or

18         (ii)    damaging, destroying, or converting the homeowner's personal

19    property or belongings; and/or

20         (iii)    generating fees or revenue for the benefit of LPS or

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 23
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

its agents at the expense of the homeowner; and/or

(iv)    interfering with the homeowner's exclusive right to the full use and enjoyment of the home.

### CR 23(a)(1):  Numerosity

6.2    The exact number of persons and/or entities similarly situated to the Representative Plaintiffs is currently unknown, but LPS concedes that the number of similarly situated persons exceed 100 (ECF No.1).

6.3    LPS Field Services holds itself out as one of the largest mortgage field services company in the country.

6.4    For these reasons, it is estimated that the number of persons similarly situated to the Representative Plaintiffs number in the thousands; therefore, joinder of each individual proposed Class Member is impracticable.

6.5    The exact number of persons similarly situated to the Representative Plaintiffs may be identified from LPS Field Services' records of residences serviced in Washington State during the applicable statute of limitations, and such persons may be identified with particularity through appropriate judicial discovery procedures, such that it would be possible to give such persons actual notice of these proceedings, if required.

### CR 23(a)(2):  Commonality

6.6    There are questions of law and fact common among the claims of the proposed Class Members, including but not limited to:

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 24
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

(a) the common actions LPS Field Services takes on the proposed Class Members' properties prior to completion of foreclosure;

(b) LPS Field Services' common policies or practices vis-à-vis actions it takes upon the proposed Class Members' properties;

(c) LPS Field Services' common policies or practices for obtaining agents to perform the actions it takes upon the proposed Class Members' properties;

(d) The manner in which LPS Field Services instructs or trains it agents that take action upon the proposed Class Members' properties;

(e) The level of control LPS Field Services has over its agents who take action on the proposed Class Members' properties;

(f) The level of supervision and oversight LPS exercises over its agents who take action on proposed class members' properties; and

(g) LPS Field Services' common policies or practices for generating revenue from the actions it takes upon proposed class members' properties.

6.7    Additional common questions of law and fact are addressed below under *CR 23(b)(3): Predominance*.

### *CR 23(a)(3):  Typicality*

6.8    The claims of the Representative Plaintiffs are typical of the claims of the Class.

6.9    Plaintiff Britton owned the Britton Property at the time it was entered upon

SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
Page 25
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   by LPS Field Services.

2       6.10  Likewise, Plaintiff Larson owned the Larson Property at the time it was

3   entered upon by LPS Field Services. Moreover, Plaintiff Larson owned the Larson Property

4   and the Larson Property was entered upon by LPS Field Services after the Washington

5   State Supreme Court's opinion in *Jordan v. Nationstar*.

6       6.11  As such, Representative Plaintiff Britton, Representative Plaintiff Larson, and

7   all Members of the proposed Class own or owned real property in Washington State, who,

8   prior to completion of any judicial or non-judicial foreclosure, had their property entered

9   upon by LPS Field Services or its agents for purposes of conducting preservation services

10   and inspections upon their property, had their real or personal property located thereon

11   damaged and/or removed by LPS Field Services or its agents, and were denied the

12   exclusive right to fully use and enjoyment of their real and/or personal property by LPS

13   Field Services or its agents.

14       6.12  As a result, Representative Plaintiff, Representative Plaintiff Larson, and all

15   putative Class Members have been damaged by LPS Field Services' actions, which actions

16   constitute common violations of laws enacted for the protection of Washington State

17   citizens.

18       6.13  Furthermore, LPS Field Services' defenses to the claims of Representative

19   Plaintiffs and the proposed Class Members will be identical due to: (i) LPS Field Services'

20   reliance on a form of deed of trust provision purporting to allow so-called preservation

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 26

46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   services; and (ii) LPS Field Services' common policies and practices vis-à-vis its retention

2   and supervision of vendors, performance of preservation services, scope of preservation

3   services performed, its response to consumer complaints, and its response to borrower

4   requests for repair to and return of their property and requests for restoration of full and

5   unfettered access to their property.

6       6.14    In short, because all claims implicate common facts and questions of law, LPS

7   Field Services' defenses will too.

8                   ### *CR 23(a)(4):  Adequacy of Representation*

9       6.15    Representative Plaintiffs will fairly and adequately protect the interests of the

10  Class.

11          6.15.1          Representative Plaintiffs come before this Court as an owners of

12  Property that has been trespassed upon, damaged, converted, and interfered with.

13          6.15.2          Representative Plaintiffs are in the same capacity as any other

14  litigant seeking redress for grievances and class relief for the harm which has occurred.

15          6.15.3          Representative Plaintiffs do not have any interests which are

16  antagonistic to those of the Class, and they are ready and willing to bring this class action

17  in a representative capacity on behalf of the proposed Class.

18      6.16    Plaintiffs' counsel will fairly and adequately prosecute the case on behalf of

19  the proposed Class.

20          6.16.1          Attorneys Jeffers, Danielson, Sonn & Aylward, P.S., are

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 27
46C2482

1   experienced trial attorneys who have engaged in extensive trial practice and have

2   considerable experience in all aspects of class action litigation from several other class

3   action cases.

4          6.16.2        Attorneys Daudt Law, P.L.L.C., are experienced trial attorneys

5   who have engaged in extensive trial practice and have considerable experience in all

6   aspects of class action litigation from several other class action cases.

7          6.16.3        Attorneys Terrell Marshall Law Group, P.L.L.C., are

8   experienced trial attorneys who have engaged in extensive trial practice and have

9   considerable experience in all aspects of class action litigation from several other class

10  action cases.

11         6.16.2        Plaintiffs' counsel have the necessary skills, expertise, and

12  competency to adequately represent the Representative Plaintiffs' interests and those of the

13  Class.

14  ### *CR 23(b)(2):  Injunctive Relief*

15         6.17   LPS Field Services has acted or refused to act on grounds generally applicable

16  to the Plaintiffs and all proposed Class Members, thereby making final injunctive relief

17  appropriate.

18         6.18   As detailed throughout this Complaint, LPS Field Services or its agents have

19  a common practice of forcibly entering upon Washington borrowers' properties without

20  court order or post-default consent for purposes of conducting property preservation

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 28
46C2482

1   services and inspections thereupon, damaging or removing borrowers' real and/or personal

2   property located therein, and denying borrowers the full use and enjoyment of their real

3   and/or personal property.

4       6.19   LPS Field Services further has the right through agreements and policies to

5   oversee and control its agents in the performance of inspections and so-called property

6   preservation services, and requires its agents to perform destructive and disruptive acts

7   upon Plaintiff Britton, Plaintiff Larson, and proposed class members' homes.

8       6.20   Although LPS Field Services is well aware that its agents commonly remove

9   personal property from borrowers' properties, including removal of the borrowers' locks,

10  even without LPS Field Services' instruction to do so while conducting property

11  preservation measures and inspections, LPS Field Services fails to properly supervise its

12  agents while conducting property preservation measures and inspections to prevent such

13  removals. LPS Field Services has received complaints from borrowers about missing or

14  damaged personal property yet continues to send agents unsupervised onto borrowers'

15  properties and into borrowers' homes and buildings.

16      6.21   LPS Field Services further has a common practice of not repairing, replacing,

17  or reimbursing borrowers when they report property damage as a result of the above acts.

18      6.22   LPS Field Services also has a common practice of charging fees to and

19  receiving fees from its clients and therefore profiting from its common, above-described

20  actions.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 29

46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1      6.23   LPS Field Services' common practices interfere with the homeowner's

2 exclusive right to possess and enjoy their home.

3      6.24   LPS Field Services has acted in such manners as applicable to Representative

4 Plaintiffs and all Class Members.

5      6.25   LPS Field Services has acted in such manners as applicable to Representative

6 Plaintiff Britton, Representative Plaintiff Larson, and all proposed class members.

7      6.26   On information and belief, after the *Jordan* Decision, LPS Field Services

8 never removed its locks from Representative Plaintiff Britton's, Representative Plaintiff

9 Larson's, or any other proposed class members' homes.  In fact, LPS Field Services appears

10 to have conducted its first lock changes upon Plaintiff Larson's home *after* the *Jordan*

11 decision.

12      6.27   After the Supreme Court's *Jordan v. Nationstar* decision, LPS Field Services

13 never affirmatively reached out to Representative Plaintiff Britton, Representative Plaintiff

14 Larson, or, on information and belief, any other proposed class member offering to restore

15 to them their right to exclusive possession.

16      6.28   Therefore, on information and belief, LPS Field Services continues to

17 maintain locks on proposed class members' properties prior to the conclusion of

18 foreclosure, even after the *Jordan* Decision, and continues to fail to return removed locks

19 from class members' properties to the class members.

20      6.29   For these reasons, Representative Plaintiffs seek class-wide injunctive relief

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 30

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    against LPS Field Services to restrain and enjoin these behaviors.

2    *CR 23(b)(3):  Predominance*

3        6.30    "Considering whether questions of law or fact common to class members

4    predominate' begins, of course, with the elements of the underlying cause of action."

5    *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 964 (9th Cir. 2013) (quoting *Erica P.*

6    *John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179, 2184 (2011)).

7        6.31    "A plaintiff class need not prove that each element of a claim can be

8    established by classwide proof[.]" *In re Whirlpool Corp. Front-Loading Washer Prods.*

9    *Liab. Litig.*, 722 F.3d 838, 858 (6th Cir. 2013).

10        6.32    Rather, the Court should "balance against the issues requiring individualized

11    proof, any questions of law or fact common to . . . class members . . . ." *Kelly v. Microsoft*

12    *Corp.*, 2010 WL 3556196, at *1 (9th Cir. Sept. 14, 2010) (quoting *In re Wells Fargo Home*

13    *Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009): "it is reversible error to

14    'rely[] on [one factor] to the near exclusion of other factors relevant to the predominance

15    inquiry'").

16        6.33    Thus, certification is appropriate unless individual questions "*overwhelm*

17    questions common to the class." *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, -

18    -- U.S. ---, 133 S.Ct. 1184, 1193, 1196, 1204, 185 L.Ed.2d 308 (2013) (emphasis added).

19        6.34    Numerous legal and factual questions pertaining to the proposed Class

20    Members predominate over any questions affecting only individual members, including

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    but not limited to the following:

2    6. 34.1    <u>Form Contract Provisions.</u>  The Plaintiffs will be able to establish

3    the elements of the claims using evidence common to the Class because LPS Field Services

4    derives its purported authority to enter upon borrowers' properties from unlawful form

5    contract provisions applicable to all borrowers' properties.  These contract provisions are

6    substantively identical in all cases.  All such substantively identical form deed of trust

7    provisions were declared on July 7, 2016, to be "in direct conflict with state law and . . .

8    unenforceable" by the Washington Supreme Court in *Jordan v. Nationstar Mortgage*.

9    Such provisions are common to all putative Class Members and do not involve

10    individualized inquiries.

11    6. 34.2    <u>The Identity of the Property Owner.</u>  Still another element subject

12    to common proof is the identity of the property owner.  As the proposed Class concerns

13    only those properties entered upon by LPS Field Services prior to completion of any

14    judicial or non-judicial foreclosure, there are no individual questions concerning the

15    identity of the rightful property owner—*the borrower* owned the property at the time of

16    entry, not anyone else.  This is further detailed in the *Jordan v. Nationstar Mortgage*

17    opinion, in which the Washington Supreme Court reaffirmed the borrower's right to

18    exclusive possession of the property prior to the completion of any foreclosure

19    proceedings.

20    6. 34.3    <u>LPS Field Services' Relationship with its Vendors.</u>  The

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 32
46C2482

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1  Plaintiffs will be able to establish the elements of the claims using evidence common to

2  the Class because the primary inquiries involve *LPS Field Services*' conduct.  That is, LPS

3  Field Services has a common policy and practice of training and instructing its agents to

4  enter properties prior to completion of any foreclosure.  LPS Field Services further instructs

5  its agents to use whatever means necessary to enter properties, including drilling out the

6  borrower's locks, and, once inside, agents are trained and instructed to, *inter alia*, "trash

7  out" the premises by taking and carrying away personal property found therein.  Thus,

8  evidence common to all Members of the Class includes:  LPS Field Services' selection of

9  vendors and screening of employees; LPS Field Services' training of vendors; LPS Field

10  Services' instructions to its vendors; and LPS Field Services' oversight of its vendors'

11  work.  This theory is common to all putative Class Members and does not involve

12  individualized inquiries.

13        6. 34.4      The Conduct of LPS Field Services' Vendors in Entering and

14  Damaging or Converting Borrowers' Property.  Plaintiffs will be able to establish the

15  elements of all claims using evidence common to the Class because, as to all putative Class

16  Members, LPS Field Services' vendors acted similarly while on borrowers' properties;

17  namely, they committed unauthorized entry upon borrowers' properties, conducted

18  unlawful forcible entries involving damage to existing locks, doors and/or windows,

19  damaged and converted the borrowers' locks and personal property found thereon, and

20  interfered with borrowers' full use and enjoyment of their property.  This theory is common

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

to all putative Class Members and does not involve individualized inquiries.

6. 34.5     LPS Field Services' Policies and Procedures for Responding to Customer Complaints.  Plaintiffs will be able to establish the elements of the claims using evidence common to the Class because LPS Field Services' policies and procedures for responding to customer complaints of its agents' entry, conversion of borrowers' property, and interference with borrowers' full use and enjoyment of their property are the same in all cases.  That is, LPS Field Services does not immediately restore possession of the property to the owner, does not return or replace the property's original locks, does not remove its locks from the property upon demand, did not offer to or remove its locks from the property after the *Jordan* decision, and does not return or replace personal property removed from the property.  These facts are common to all putative Class Members and do not involve individualized inquiries.

6. 34.6     Class Members' Damages.  Plaintiffs will be able to establish the elements of the claims using evidence common to the Class because all putative Class Members suffered the same type of damage; namely, injury to real and/or personal property from LPS Field Services' forcible entry, damage to, and/or conversion of personal property, and interference with the full use and enjoyment of the property by the borrower. Plaintiffs will also be able to establish LPS Field Service's liability in restitution to the Class for profits it received as a result of its above-described unlawful conduct, using evidence common to the Class because LPS Field Service's fee, payment, and profit

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 34
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    policies and procedures are common to the Class. These facts are common to all putative

2    Class Members and will not require individualized inquiries.

3        6.35    As a result, the prosecution of a class action is superior to other available

4    methods for the fair and efficient adjudication of this controversy.

5        6.36    Individual actions are not likely to seek sufficient damages to warrant

6    assuming the cost of litigation.  Here, the damages sustained by each putative Class

7    Member are not large, generally including damage to doors, windows, and/or personal

8    property within the residence, as well as the fair rental value of each putative Class

9    Member's home during the time in which LPS Field Services interfered with the putative

10   Class Member's exclusive right to possession, and the ill-gotten profits that LPS Field

11   Services must disgorge from the activities unlawfully conducted on each putative Class

12   Member's property. Therefore, each putative Class Member will have difficulty

13   maintaining an individual action, and a class action is a superior method to adjudicate their

14   claims.

15       6.37    In addition, thousands of individual actions would greatly congest the

16   Washington State courts.

17       6.38    A class action is the most cost-effective way for consumers to prevent future

18   economic and pecuniary loss to thousands of Washington citizens and members of the

19   public at large by LPS Field Services.

20       6.39    This action is superior to any other available method for the fair and efficient

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

adjudication of the controversy.

## VII.   FIRST CAUSE OF ACTION:
## COMMON LAW TRESPASS

7.1     LPS Field Services and/or its agents wrongfully and intentionally entered onto the Britton Property, the Larson Property, and properties owned by borrowers throughout the state of Washington in advance of the conclusion of any foreclosure proceedings.

7.2     As detailed by the Washington Supreme Court in *Jordan*, prior to the completion of any foreclosure proceedings, the borrower has the exclusive right to possess their property, and LPS Field Services has no legal right to be there.  Therefore, LPS Field Services' entry upon borrowers' properties is an invasion that affects the borrower's interest in their exclusive possession of the property.

7.3     LPS Field Services' intent to invade borrowers' possessory interests is demonstrated by its claimed authority purportedly granted in its form deed of trust provisions, which claim to permit such entries in the event of default or abandonment of properties — which the Washington Supreme Court invalidated.

7.4     Such intent to enter is further evidenced by LPS Field Services' or its agents' acts of changing borrowers' locks, performance of so-called "preservation services" on borrowers' properties, and the notices left for homeowners to contact LPS Field Services or its agents to obtain entry to their properties or further information.

7.5     LPS Field Services remained on the Britton Property, the Larson Property,

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 36

46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

and on borrowers' properties during the period of initial entry and thereafter by maintaining its locks upon the property for the purpose of facilitating future entries by LPS Field Services and to further require borrowers to contact LPS Field Services and/or its agents in order to regain full access to their properties.

7.6    It was reasonably foreseeable that LPS Field Services' unauthorized and unlawful entries onto borrowers' properties in advance of the conclusion of any foreclosure proceedings would invade borrowers' possessory interests in those properties.

7.7    As a result of LPS Field Services' acts as detailed above, Representative Plaintiff Britton, Representative Plaintiff Larson, and putative class members suffered the damages detailed herein in an amount to be proven at trial.

## VIII. SECOND CAUSE OF ACTION:
## INTENTIONAL TRESPASS (RCW 4.24.630)

8.1    LPS Field Services entered onto the Britton Property, the Larson Property and properties owned by borrowers throughout the state of Washington.

8.2    LPS Field Services intentionally, unreasonably, and forcibly entered onto such properties, and intentionally and unreasonably damaged or removed property thereon.

8.3    For example, LPS Field Services entered the Britton Property, damaged locks or doors on the Britton Property, kept or destroyed the locks, damaged or removed personal property in the Britton Property, and denied Representative Plaintiff Britton the full use and enjoyment of her personal and real property on an on-going basis by maintaining its

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    locks upon the property to facilitate future on-going entries.

2        8.4    Likewise, LPS Field Services entered the Larson Property, damaged locks or

3    doors on the Larson Property, kept or destroyed the locks, and denied Representative

4    Plaintiff Larson the full use and enjoyment of his personal and real property on an on-going

5    basis by maintaining its locks upon the property to facilitate future on-going entries.

6        8.5    LPS Field Services intended to act in this manner, as evidenced by its

7    instruction to its agents to engage in these behaviors, and its deliberate acts to engage in

8    these behaviors. LPS Field Services' intentionality is further evidenced by its instructions

9    to its agents to perform lock changes upon and maintain its locks on borrowers' properties

10   even after the *Jordan* Decision, and use those locks to enter the properties, conduct

11   property preservation and inspection services therein, and remove personal property.

12       8.6    LPS Field Services, as a business operating in Washington state, knew or

13   should have known of Washington law, including RCW 7.28.230, that prohibits is property

14   preservation and inspection services. On information and belief, LPS Field Services made

15   no effort, or no reasonable effort, to determine if its conduct complied with Washington

16   law.

17       8.7    LPS Field Services knew or had reason to know that it had no authorization

18   to engage in such behaviors because the form contract provisions it relied upon—while

19   undisputedly unlawful—nevertheless do not authorize damage to real or personal property

20   and do not authorize interference with the owner's (or other lawful occupant's) full use and

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 38
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    enjoyment of the property.

2        8.8    On information and belief, LPS Field Services knew or should have known

3    that its conduct violated long-established Washington law, specifically RCW 7.28.230. On

4    information and belief, by engaging in the conduct anyway, LPS Field Services intended

5    to violate long-established Washington law, including RCW 7.28.230.

6        8.9    Further, the Supreme Court's opinion in *Jordan* confirmed that such pre-

7    foreclosure lock changes and other property preservation activities unlawfully interfere

8    with the homeowner's exclusive right to pre-foreclosure possession. Nonetheless, on

9    information and belief LPS Field Services conducted new lock changes after the *Jordan*

10    opinion and has never removed or attempted to remove the locks that remained on class

11    members' properties prior to the conclusion of any foreclosure even after the *Jordan*

12    Decision, and it continues to enter such properties. Stated otherwise, LPS Field Services

13    continues to interfere with class members' exclusive right to possession prior to the

14    completion of foreclosure even after the Supreme Court has clearly confirmed that such

15    interference is unlawful.

16        8.10    LPS Field Services engaged in the above actions on an on-going basis and

17    wholly without permission of Representative Plaintiff Britton, Representative Plaintiff

18    Larson, other Washington borrowers, or any court of lawful jurisdiction.

19        8.11    It was substantially certain that LPS Field Services' and/or its agents' above-

20    described actions would substantially damage the Britton Property, the Larson Property,

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 39
46C2482

1   and the properties of other Washington borrowers, including, but not limited to, by the

2   forcible removal and destruction of Plaintiff Britton's, Plaintiff Larson's, and other

3   borrowers' locks.

4        8.12   LPS Field Services' actions are part of its common practice relative to

5   countless Washington borrowers.

6        8.13   As a result, LPS Field Services wrongfully caused waste or injury to these

7   properties or wrongfully injured personal property or improvements to real estate on land.

8        8.14   LPS Field Services' actions above each constitute separate and on-going

9   violations of RCW 4.24.630.

10        8.15   As a direct and proximate result of LPS Field Services' and/or its agents'

11   violations of RCW 4.24.630, Representative Plaintiff Britton, Representative Plaintiff

12   Larson, and putative class members have suffered damages to their property in an amount

13   to be proven at trial.

14        8.16   LPS Field Services is liable to Representative Plaintiff Britton, Representative

15   Plaintiff Larson, and putative class members for treble the amount of damages caused by

16   its violations of RCW 4.24.630.

17        8.17   LPS Field Services is liable to Representative Plaintiff Britton, Representative

18   Plaintiff Larson, and putative class members for their reasonable attorneys' fees and costs

19   pursuant to RCW 4.24.630.

20

## IX.   THIRD CAUSE OF ACTION:

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 40
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

**NEGLIGENT TRESPASS**

9.1    Trespass occurs when a person intentionally or negligently intrudes onto the property of another. *Jackass Mt. Ranch v. S. Columbia Basin Irr. Dist.*, 305 P.3d 1108, 1122, 175 Wn. App. 374 (2013).

9.2    As Plaintiffs' lender, and/or the servicer of Plaintiffs' loans, LPS Field Services owed Plaintiffs a duty to act reasonably and take reasonable measures to analyze the propriety of its conduct in connection with such loans and carry out such conduct as a reasonable person would in the same or similar circumstances.

9.3    Further, upon learning that its practices of ordering vendors to enter Washington borrowers' properties, change or maintain locks, and conduct property preservation services and interior inspections therein caused harm, LPS Field Services owed Plaintiffs a duty to mitigate reasonably foreseeable harm stemming as a result of that conduct.

9.4    On information and belief, LPS Field Services made no sufficient effort to determine if its conduct in connection with these loans complied with Washington law.

9.5    LPS Field Services breached its duties when it entered the properties of Plaintiffs or directed its vendors to enter upon the properties of Plaintiffs and caused damage and interfered with Plaintiffs' right to exclusive possession. LPS Field Services likewise breached its duties when it continued to maintain its locks on Plaintiffs' properties and conduct further interior inspections and property preservation activities even after the

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 41

46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

*Jordan* Decision.

9.6    On information and belief, prior to the *Jordan* Decision, LPS Field Services received a number of complaints from other borrowers challenging pre-foreclosure lock changes and personal property removals. On information and belief, LPS Field Services breached its duty to Plaintiffs by failing to change its policies and practices in response to these complaints and continuing to enter and/or maintain locks on Plaintiffs' properties.

9.7    As a result of these breaches, LPS Field Services proximately caused Plaintiffs to suffer harm, including damage to their real property, the loss of and damage to their personal property, interference with their exclusive right to pre-foreclosure possession, and restitution, in amounts to be determined at trial. If LPS Field Services had reasonably analyzed the lawfulness of its conduct and/or changed its policies and practices in response to prior complaints, Plaintiffs would not have suffered the harm described above.

9.8    LPS Field Services' actions are part of its common practice relative to countless Washington borrowers.

9.9    As a result, LPS Field Services is liable for negligently trespassing upon the properties of Plaintiff Britton and Plaintiff Larson. LPS Field Services is similarly liable to members of the proposed class.

## X.    FOURTH CAUSE OF ACTION:
## VIOLATION OF CONSUMER PROTECTION ACT (RCW 19.86, *et seq.*)

10.1    LPS Field Services Engaged in Unfair or Deceptive Acts and Practices.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 42

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

10.1.1     The following actions of LPS Field Services constitute unfair *and* deceptive acts and practices for the purposes of RCW 19.86, *et seq*.:  LPS Field Services' common practices of unlawfully entering borrowers' properties in advance of the conclusion of any foreclosure proceedings; conducting forcible entries via destruction or removal of existing door locks; keeping the locks; damaging doors and windows, converting personal property; refusing to refund, repair, or compensate for damage caused; generating revenue, fees, and charges; denying owners or legal occupants the full use and enjoyment of their real and/or personal property; and failing to respond or timely respond to class members' demands for return of, repairs to, and access to their property.

10.1.2     These acts are unfair because such practices are a clear violation of well-established Washington state law, and the deed of trust provisions purporting to authorize them unenforceable as contrary to law.

10.1.3     These acts are further unfair because of the unequal bargaining power between the individual homeowner or occupant and a large, multi-national company who (or on whose behalf its agents) forcibly enters properties, destroys existing locks, places its own locks on the properties for the express purpose of providing future, un-noticed entries, interferes with owners' or legal occupants' full use and enjoyment of the properties, converts and damages personal property located upon the properties, and refuses to refund or replace damaged or converted property.

10.1.4     These acts are also unfair because they allowed LPS Field

SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
Page 43

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1  Services and/or its agents to enter borrowers' properties without permission, without court

2  order, and without advanced notice, in order to generate revenue from inspections and

3  property preservation measures conducted therein. Such acts offend well-established

4  Washington law, including RCW 7.28.230.

5      10.1.5     These acts are deceptive because, when LPS Field Services or its

6  agents perform them, the property owner is unaware that they are occurring, and such acts

7  are not authorized via any form deed of trust provision.

8      10.1.6     These acts are further deceptive because the acts themselves—as

9  well as the notices LPS Field Services and/or its agents post on borrowers' properties—

10  communicate wrongfully to the borrower that LPS Field Services and its agents have the

11  right and duty to possess and/or enter the borrower's home prior to the completion of any

12  foreclosure.

13      10.1.7     These acts are further deceptive because the notices that LPS

14  Field Services or its agents place on the borrowers' properties do not inform the borrowers

15  of their right to the exclusive possession of their property or their right to have their

16  property returned or repaired.

17      10.1.8     These acts are also deceptive because LPS Field Services

18  continued to maintain its locks on borrowers' homes even after the *Jordan* Decision,

19  without offering to remove them or notifying the borrower of their right to exclusively

20  possess their property.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 44
46C2482

1      10.1.9        LPS Field Services engaged in similar unfair and deceptive acts

2  and practices vis-à-vis hundreds (or thousands) of Washington borrowers.

3      10.2   <u>LPS Field Services' Acts Occurred in Trade or Commerce.</u>   LPS Field

4  Services' unfair and deceptive acts occurred in trade or commerce because LPS Field

5  Services represents itself to be one of the largest lenders in the country and was the lender

6  in charge of servicing the Britton Property, the Larson Property, as well as proposed class

7  members' properties at the time of the challenged acts.

8      10.3   <u>LPS Field Services' Acts Impact the Public Interest.</u>

9      10.3.1        LPS Field Services' unfair or deceptive acts impacted the public

10  interest because they were committed in the course of LPS Field Services' business, LPS

11  Field Services advertises similar services to the public in general, and LPS Field Services

12  and Representative Plaintiff Britton, Representative Plaintiff Larson, and proposed class

13  members (as individual consumers) occupy unequal bargaining positions.

14      10.3.2        LPS Field Services engages in a course of conduct whereby the

15  same or similar unfair or deceptive acts are repeated as to borrowers across Washington

16  State.

17      10.3.3        There exists a real and substantial potential for repetition of LPS

18  Field Services' conduct in the future because, on information and belief, LPS Field

19  Services is one of the largest lenders in the country and LPS Field Services continues to

20  maintain its locks and enter upon Washington borrowers' properties prior to the completion

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 45
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1  of foreclosure and generate revenue as a result.

2      10.4    <u>Causation.</u>

3          10.4.1      Causation is satisfied through the common proof that LPS Field

4  Services' policy and practice is to instruct its agents to enter borrowers' homes, to do so

5  forcibly, to convert personal property therein, and to place and maintain its own locks, lock

6  boxes, padlocks, and hasps on borrowers' properties.

7          10.4.2      These common instructions proximately cause borrowers'

8  damages because, *but for* LPS Field Services' instructions to its agents, there would be no

9  entry, conversion, or interference resulting in damage to borrowers.

10      10.5    <u>Injury to Business or Property.</u>  As a direct and proximate result of LPS Field

11  Services' unfair or deceptive acts as set forth above, Representative Plaintiff Britton,

12  Representative Plaintiff Larson, and proposed class members have suffered injury to their

13  properties in an amount to be proven at trial.

14      10.6    LPS Field Services' above-listed unfair or deceptive acts constitute violations

15  of RCW 19.86, *et seq.*

16      10.7    LPS Field Services is liable to Representative Plaintiff Britton, Representative

17  Plaintiff Larson, and proposed class members for treble the amount of their damages

18  caused by the violations of RCW 19.86, *et seq.*

19      10.8    LPS Field Services is liable to Representative Plaintiff Britton, Representative

20  Plaintiff Larson, and proposed class members for their reasonable attorneys' fees and costs

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 46

46C2482

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

pursuant to RCW 19.86, *et seq.*

## XI.    FIFTH CAUSE OF ACTION:
## NEGLIGENT SUPERVISION

11.1    LPS Field Services owed Representative Plaintiff Britton and Representative Plaintiff Larson a duty to act as a reasonably careful person would under the same or similar circumstances, including a duty to reasonably assess the lawfulness of its conduct. Upon learning of harm caused by its property preservation activities, LPS Field Services owed Representative Plaintiff Britton and Representative Plaintiff Larson a duty to mitigate foreseeable harm resulting from those activities.

11.2    On information and belief, LPS Field Services has agreements, policies, and/or procedures instructing its vendors that they may not remove non-hazardous personal property prior to the completion of foreclosure from Washington borrowers' properties without express order by LPS Field Services.

11.3    LPS Field Services' vendors are its agents and, on information and belief, LPS Field Services expects its vendors to comply with all requirements set forth in LPS Field Services' agreements, policies, and/or procedures. On information and belief, LPS Field Services has the right to control its vendors' conduct and to mitigate foreseeable loss resulting from that conduct. However, on information and belief, LPS Field Services engages in little to no direct oversight when its vendors are completing work in the field.

11.4    On information and belief, despite its policies and prior to entering Representative Plaintiff Britton and Representative Plaintiff Larson's Properties, LPS Field

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   Services received direct complaints from borrowers indicating that its personal property

2   policies were not being followed. On information and belief, complainants alleged that

3   LPS Field Services and/or its agents removed and/or damaged personal property prior to

4   the completion of foreclosure during the completion of property preservation and/or

5   inspection activities, including, but not limited to, the removal of complainants locks. On

6   information and belief, LPS Field Services did not change its policies and practices in

7   response to these borrower complaints: it did not increase supervision over its vendors in

8   response to these borrower complaints. A reasonable actor in similar circumstances would

9   have changed is policies or practices in response to these complaints.

10          11.5   Even after receiving such complaints, LPS Field Services ordered one or more

11  vendors to change one or more locks and enter the interior of the Britton Property and

12  Larson Property.   On information and belief, each of these vendors were sent to the

13  property unsupervised.

14          11.6   While on the Britton Property, one or more vendor removed Plaintiff Britton's

15  personal property. This unlawful removal was foreseeable, particularly in light of the

16  complaints discussed above.

17          11.7   While on the Larson Property, one or more vendor removed and destroyed

18  Plaintiff Larson's back door lock. This removal was foreseeable, particularly in light of the

19  complaints discussed above.

20          11.8   Plaintiff Britton's personal property was never returned, and Plaintiff Britton

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 48
46C2482

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1   was not reimbursed for missing or damaged personal property.

2      11.9   By failing to take reasonable action in response to the complaints discussed

3   above, and sending vendors to the Britton and Larson Properties, Britton and Larson

4   suffered pre-foreclosure damage or loss of their personal property.

5      11.10 LPS Field Services' actions are part of its common practice relative to

6   countless Washington borrowers.

7      11.11 As a result, LPS Field Services is liable to Plaintiffs Britton and Larson for

8   negligently supervising its agents. LPS Field Services is similarly liable to members of the

9   proposed class.

10

11                    **XII.   PRAYER FOR RELIEF**

12      WHEREFORE, Representative Plaintiffs, and on behalf of others similarly situated,

13   demands judgment against LPS Field Services as follows:

14      1.      For entry of a judgment in favor of Representative Plaintiffs and proposed

15   class members against LPS Field Services for damages in an amount to be proven at trial,

16   including treble damages pursuant to RCW 4.24.630, RCW 19.86.090, and/or other

17   applicable law;

18      2.      For entry of a judgment in favor of Representative Plaintiffs and proposed

19   class members and against LPS Field Services for reasonable attorneys' fees and costs

20   pursuant to RCW 4.24.630, RCW 19.86.090, and/or other applicable law;

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1          3.      For an entry of judgment in favor of Representative Plaintiffs, and proposed

2    class members for pre-judgment interest on all damages;

3          4.      For injunctive relief restraining LPS Field Services from further violation of

4    RCW 19.86, *et seq.*, as alleged herein; and

5          5.      For such other and further relief as the Court deems just and equitable

6          DATED the 12th day of April, 2019.

7                                    s/ CLAY M. GATENS
                                     Clay M. Gatens, WSBA No. 34102
8                                    Devon A. Gray, WSBA No. 51485
                                     JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
9                                    2600 Chester Kimm Road
                                     P.O. Box 1688
10                                   Wenatchee, WA  98807-1688
                                     Telephone:  509-662-3685
11                                   Fax:  509-662-2452
                                     Email: clayg@jdsalaw.com
12                                   Email: devong@jdsalaw.com

13                                   Michael D. Daudt, WSBA #25690
                                     DAUDT LAW PLLC
14                                   2200 Sixth Avenue, Suite 1250
                                     Seattle, Washington 98121
15                                   Telephone: (206) 445-7733
                                     Facsimile: (206) 445-7399
16                                   Email: mike@daudtlaw.com

17                                   Beth E. Terrell, WSBA #26759
                                     Blythe H. Chandler, WSBA #43387
18                                   Brittany J. Glass, WSBA #52095
                                     TERRELL, MARSHALL LAW GROUP PLLC
19                                   936 North 34th Street, Suite 300
                                     Seattle, Washington  98103
20                                   Telephone:  (206) 816-6603

1

Facsimile:  (206) 319-5450
Email: bterrell@terrellmarshall.com

2

Email: bchandler@terrellmarshall.com
Email: bglassr@terrellmarshall.com

3

Attorneys for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 51
46C2482

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on the 12th day of April, 2019, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF System.  Notice of this filing will

4

be sent to the parties listed below by operation of the Court's electronic filing system.

5

Parties may access this filing through the Court's system.

6

7

| | |
|---|---|
| Theron A. Buck: | tbuck@freybuck.com |
| Erica L. Calderas (*pro hac vice*) | elcalderas@hahnlaw.com |
| Steven A. Goldfarb (*pro hac vice*) | sagoldfarb@hahnlaw.com |
| Kelly A. Kosek (*pro hac vice*) | kkosek@hahnlaw.com |

8

9

DATED at Wenatchee, Washington this 12th day of April, 2019

10

s/CLAY M. GATENS
Clay M. Gatens, WSBA No. 51485

11

Attorney for Plaintiffs
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.

12

2600 Chester Kimm Road
P.O. Box 1688

13

Wenatchee, WA  98807-1688
Telephone:  509-662-3685

14

Fax:  509-662-2452
Email: ClayG@jdsalaw.com

15

16

17

18

19

20

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES
Page 52

46C2482